19-2981-cv
Nowak v. JPMorgan Chase & Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of February, two thousand twenty-one.

PRESENT:
> **ROBERT A. KATZMANN,**
> **SUSAN L. CARNEY,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

**Martin-Piotr Nowak, I; a man,**

>*Plaintiff-Appellant*,

>v.                                                          **19-2981**

**JPMorgan Chase & Co., AKA Chase, AKA JPMorgan Chase Bank, N.A., JP Morgan Chase Bank, N.A.,**

>*Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Martin-Piotr Nowak, pro se, Long Beach, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Brian Peter Scibetta, McCalla Raymer Leibert Pierce, LLC, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*; Bulsara, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

*Pro se* Appellant Martin-Piotr Nowak brought federal and state claims concerning a purported mortgage payoff agreement against JPMorgan Chase Bank, N.A. ("Chase"). In May 2018, Nowak alleges that he appeared at a Chase branch and presented two documents—a "Negotiable Security" and "Without Prejudice Debt Lien Release/Satisfaction" that he drafted—which purported to discharge his $278,000 mortgage debt to Chase. A Chase employee allegedly accepted and signed the documents, thus creating a binding contract in Nowak's view. The District Court dismissed all of Nowak's claims, including violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), "financial discrimination," "lack of jurisdiction to collect [this debt] as holder in due course" (construed as a claim for declaratory judgment seeking to challenge Chase's right to collect its debt), breach of contract, and fraud. Nowak appeals from that dismissal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

We review *de novo* the dismissal of a complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**I.      RICO**

On appeal, Nowak argues that he met the pleading requirements of a RICO claim, asserting for the first time that Chase committed a pattern of racketeering activity by mailing him mortgage documents.   To plead a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege "that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (internal quotation marks and citation omitted).   Nowak's allegations regarding use of the U.S. Mail to send mortgage documents do not lead to a plausible inference that Chase was engaging in actionable racketeering activity.   *See Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 488 (2d Cir. 2014) (holding that a defendant's mailing of mortgage statements, default notices, and correspondence related to a state foreclosure action did not permit an inference of racketeering activity, such as mail fraud, under RICO).   Since Nowak has not plausibly alleged illegal activity, much less a pattern of illegal activity, the District Court correctly dismissed the RICO claim.   *See Williams v. Affinion Group, LLC*, 889 F.3d 116, 126 (2d Cir. 2018); *see also Cofacredit*, 187 F.3d at 242.

**II.      Financial Discrimination**

Nowak contends that the District Court erred in dismissing his financial discrimination claim which is based on allegations that the Negotiable Security was a contract under the Uniform Commercial Code and that Chase did not return the Negotiable Security to him or discharge Nowak's debt as required.   As the District Court found, however, there is no such claim for

3

"financial discrimination" under any of the many federal statutes Nowak references in the complaint. While the complaint mentions the "Civil Rights Act," it does not allege any facts showing that Nowak was discriminated against, financially or otherwise, under the "Civil Rights Act." Dismissal of this claim was proper.

**III.    Lack of Jurisdiction/Declaratory Judgment**

The District Court was also correct in dismissing Nowak's "lack of jurisdiction" claim. The complaint alleges that Chase lacked jurisdiction to collect on Nowak's mortgage because Chase was not the proper owner or holder after it had sold the mortgage for securitization. The District Court liberally construed this claim as one for a declaratory judgment that Chase did not have the right to collect the debt because it had assigned the loan to an investor real estate trust. The allegations, however, foreclose this claim. The mortgage loan documents, which this Court may consider because they are integral to the complaint, show that Nowak was obligated to repay the loan to Chase, irrespective of any assignment. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85 (2d Cir. 2014) (mortgagors could not challenge the assignments of their mortgage because the assignments at issue did not affect their underlying debt obligations or the terms of their mortgage).

**V.    Breach of Contract**

Although the District Court dismissed the breach of contract claim for lack of supplemental jurisdiction over the claim, we affirm on the different ground that the complaint fails to state this claim adequately. Under New York law, a breach of contract claim requires alleging: "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir.

4

2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)). Formation requires "an offer, acceptance, consideration, mutual assent and an intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (internal quotation marks and citation omitted). "[W]hether a binding agreement exists is a legal issue, not a factual one." *Vacold LLC v. Cerami*, 545 F.3d 114, 123 (2d Cir. 2008).

The complaint fails to plead that a contract was formed and thus the claim cannot proceed. Nowak alleges that the "Negotiable Security" and "Without Prejudice Debt Lien Release/Satisfaction" documents that he prepared constitute a binding contract. But other than conclusory allegations that there was "meeting of the minds," the complaint does not allege that Chase assented to these documents, as required. *See Starke v. Squaretrade, Inc.*, 913 F.3d 279, 288–89 (2d Cir. 2019) ("The manifestation of mutual assent must be sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."). Indeed, the documents themselves, which we may consider because they are integral to the complaint, do not bear the signature of the Chase representative who allegedly "accepted" them.

**VI.    Fraud**

We dismiss Nowak's claim that Chase committed fraud in the factum by "intentionally avoiding the Terms and Conditions" of the Negotiable Security and by filing a "counterfeit copy of the wet ink original alleged Note and Mortgage" in county records.

Fraud claims are subject to a "heightened pleading standard" under Federal Rule of Civil Procedure 9(b). *Rombach v. Chang*, 355 F.3d 165, 171 (2d Cir. 2004). "Fraud in the factum occurs when the maker of the note is tricked into believing that which he is signing is something other than a promissory or obligatory note," and where "the misrepresentation is regarded as going

5

to the very character of the proposed contract itself."  *Revak v. SEC Realty Corp.*, 18 F.3d 81, 91 (2d Cir. 1994) (internal quotation marks and alteration omitted).   The complaint does not contain allegations supporting these elements.   Nor do its conclusory allegations satisfy the heightened pleading standard imposed by Rule 9.

We have considered all of Nowak's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court